UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICK MERRITT, | Case No. 2:20-CV-1335 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CREDIT ONE BANK, N.A., | |
| Defendant(s). | |

Presently before the court is defendant Credit One Bank, N.A.'s ("Credit One") motion to compel arbitration. (ECF No. 5). Plaintiff Patrick Merritt responded, (ECF No. 8), to which defendant replied, (ECF No. 10).

Also before the court is defendant's motion to dismiss. (ECF No. 6). Plaintiff responded, (ECF No. 8), to which defendant replied, (ECF No. 10).

Plaintiff brings claims against defendant for allegedly unlawful debt collection practices. (ECF No. 1). Defendant moves to compel arbitration. (ECF No. 5).

Plaintiff "does not fundamentally disagree" with defendants' arguments but argues that limited discovery is appropriate prior to arbitration. (ECF No. 8). Plaintiff cites law where pre-arbitration discovery goes directly to the issue of "whether the parties agreed to submit their claims to arbitration." (Id. (citing *Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79, 90 (2000)). "[T]he Ninth Circuit has explained that the FAA provides for discovery in connection with a motion to compel arbitration only if 'the making of the arbitration agreement . . . be in issue.'" *Newton v. Clearwire Corp.*, 2:11-CV-00783-WBS, 2011 WL 4458971, at *2 (E.D. Cal. Sept. 23, 2011) (quoting *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999)). Here, there is no dispute over the enforceability of the arbitration clause. Plaintiff instead asks for discovery so that he may discern the identities of the Doe defendants. (ECF No. 8). This court declines plaintiff's request.

**James C. Mahan**
**U.S. District Judge**

"Because arbitration is fundamentally a matter of contract, the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." *Momot v. Mastro*, 652 F.3d 982, 986 (9th Cir. 2011).  To be enforceable, an arbitration agreement must satisfy the following conditions: (1) the existence of a written agreement to arbitrate claims, (2) a nexus to interstate commerce, and (3) coverage of the claims by the arbitration clause.  9 U.S.C. § 2; *see also Hanks v. Briad Rest. Grp., L.L.C.*, No. 2:14-CV-00786-GMN, 2015 WL 4562755, at *2 (D. Nev. July 27, 2015).

Considering these factors, this court finds that the arbitration clause is enforceable.  A written arbitration clause, broadly governing this dispute, clearly and inconspicuously exists here. (ECF No. 5).  An agreement governing a credit card account is accepted when the card is used after receiving the agreement.  *See* Nev. Rev. Stat. § 97A.140 ("A cardholder shall be deemed to have accepted the written terms and conditions provided by the issuer upon subsequent actual use of the credit card").  "Plaintiff made purchases in Colorado, and then made payments on his card which were received by Credit One in Nevada."  (ECF No. 5).  Plaintiff does not dispute defendant's arguments on this point.  *See* LR 7-2(d).  This court grants defendant's request to compel arbitration.  (ECF No. 5).

The court also grants defendant's motion to dismiss. (ECF No. 6). Here, "the arbitration clause [i]s broad enough to bar all of the plaintiff's claims." *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).  In such cases, dismissal is appropriate.  *Id.*; *see also Ricci v. Beazer Home Holding Corp.*, No. 209CV01902RLHRJJ, 2010 WL 11579685, at *4 (D. Nev. Feb. 12, 2010) ("Because the parties' arbitration provision is valid and enforceable, the Court finds that dismissal is appropriate.").  Furthermore, arbitration will presumably occur in Colorado and the award may be confirmed by a court in that jurisdiction. (ECF No. 5).

Thus, defendant's motion is granted.  This court refrains from opining on attorney's fees.  Defendant may proceed as it sees fit.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Credit One Bank, N.A.'s motion to compel arbitration (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Credit One Bank, N.A.'s motion to dismiss is GRANTED.  (ECF No. 6).

. . .

**James C. Mahan**
**U.S. District Judge**

The clerk is ordered to close this case.

DATED September 28, 2020.

                                                                     _____
                                                                     UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**